UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-mj-02779 Damian

UNITED STATES OF AMERICA,

v.

ADONI LOPEZ,
RAUL FELIZ, and
JOHN CARLOS CANEDA-SUAREZ,

        Defendants,
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

                                    Respectfully submitted,

                                    MARKENZY LAPOINTE
                                    UNITED STATES ATTORNEY

By:   /s/ Michele Vigilance
       MICHELE VIGILANCE
       Assistant United States Attorney
       Court ID No. A5502091
       99 N.E. 4th Street
       Miami, FL 33132
       Tel. No. (305) 432 1406
       E-mail: Michele.Vigilance@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| v. | ) |
| | ) Case No. 1:23-mj-02779 Damian |
| ADONI LOPEZ, | ) |
| RAUL FELIZ, and | ) |
| JHON CARLOS CANEDA-SUAREZ, | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about ___April 14, 2023___, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| Title 46, United States Code, Sections 70506(a)(1) and 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b). |
| | Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

The complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Lewis Hosch*
_Complainant's signature_

LEWIS HOSCH, Special Agent DEA
_Printed name and title_

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time.

Date: __April 24, 2023__

_Judge's signature_

City and state: Miami, Florida

Hon. Melissa Damian, United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT

I, Lewis Hosch, being duly sworn, hereby depose and state the following:

1. I am employed as a Detective with the City of Homestead Police Department and have served in this capacity since January 2005. I am currently a Task Force Officer with the Drug Enforcement Administration ("DEA") and have served in this capacity since August 2019. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21, and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Task Force Officer with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as information obtained from others. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint against **ADONI LOPEZ, RAUL FELIZ, and JHON CARLOS CANEDA SUAREZ,** for knowingly and willfully conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

3. On or about April 14, 2023, a Maritime Patrol Aircraft ("MPA") detected a go-fast vessel (GFV) approximately 130 nautical miles North of La Guajira CO., in

international waters. The GFV had three individuals on board, a large amount of fuel drums, and displayed no indicia of nationality, and had visible packages on board. The HNLMS HOLLAND was diverted to interdict and investigate. The USCG assumed tactical control of HNLMS HOLLAND and granted a Statement of No Objection for the HNLMS HOLLAND to conduct a Right of Visit boarding. The HNLMS HOLLAND launched their embarked helicopter and their two Fast Raiding Interception and Special Forces Craft with a LEDET 401 boarding team embarked to interdict to approach the GFV.

4. When the helicopter arrived on scene, they reported that the vessel was non-compliant and employed warning shots, which were ineffective. The helicopter then employed two rounds of disabling fire, which were effective. Subsequently the GFV was dead in the water. The boarding team gained positive control of the GFV in position. As a result of standard right of visit boarding questions, the boarding team was able to identify the master of the vessel, who did not want to make a claim of nationality for the vessel.

5. The boarding team identified the master of the vessel as ADONI LOPEZ, a Dominican national. Consequently, the vessel was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States.

6. The other two individuals on board were later identified as RAUL FELIZ a Dominican national, and JHON CARLOS CANEDA SUAREZ, a national of Colombia. District 7 granted an SNO for boarding complete and to destroy the vessel as a danger to navigation due to no suitable tow points, distance from land, no navigation lights, and engines not operable. The boarding team recovered and seized a total of nineteen bales. The contents of the bales were field tested and tested positive for the presence of cocaine with an approximate weight of 663 kilograms of cocaine. All individuals, along with the suspected cocaine, were transferred to the HNLMS HOLLAND.

Based on the foregoing facts, I submit that probable cause exists to believe that ADONI LOPEZ, RAUL FELIZ, and JHON CARLOS CANEDA SUAREZ, did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

FURTHER AFFIANT SAYETH NAUGHT.

*Lewis Hosch*
Special Agent Lewis Hosch
Drug Enforcement Administration

Attested to by the Applicant in accordance with requirements of Fed.R.Crim.P 4.1 by Face Time this 24th day of April, 2023.

HONORABLE MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

3